IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COLIN GONZALES,

        Petitioner,

v.                                                                                            CIV 02-396 WJ/KBM

LAWRENCE TAFOYA, Warden, et al.,

        Respondent.

# INITIAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before the Court on Petitioner Colin Gonzales' motions for an evidentiary hearing and order to show cause, which were previously held in abeyance, *see Docs. 30, 37, 41,* and Respondents' Motion to Dismiss the Second Amended Petition either as time-barred or procedurally-defaulted, *see Doc. 43.* Counsel for Petitioner informed the Court that the motion for an order to show cause is moot, and I deny it as such. For the reasons set forth below, I also deny Respondents' motion to dismiss in part, and find Petitioner's motion for an evidentiary hearing premature.[1]

## I. Procedural Background

### A. *Initial Federal Petition, Appointment of Counsel, Election To Exhaust, Decision To Stay Federal Proceedings Pending Exhaustion*

        Petitioner initiated this action *pro se*, and I found the petition was mixed and unexhausted.

---

[1] A federal claim asserting that counsel was ineffective in failing to obtain a neurological evaluation, was raised in Cooper's habeas proceedings. That claim is not a subject of Respondent's motion to dismiss and therefore will proceed to disposition on the merits. *See, e.g., Doc. 44* at 23. Hence this recommended disposition is labeled "initial," since it will not completely resolve the matter regardless of my findings on the other claims.

Although Petitioner's claims were unclear, at least one claim appeared to be unexhausted. Petitioner had pursued a direct appeal, but he had not commenced state post-conviction proceedings. *See Doc. 8* at 5-6.

At that time, I asked Petitioner to clarify his claims and elect whether he wanted to proceed with any unexhausted claims or to drop them. I specifically noted that

> because federal proceedings do not toll the limitations period, all of the time Petitioner has spent in this court prior to a dismissal will not toll the statute under the recent Supreme Court decision in *Duncan v. Walker,* 533 U.S. 167 (2001). It is not settled whether, in light of *Duncan,* a federal action should be stayed while mixed petitions are exhausted, *e.g., Moore,* 288 F.3d at 1235-36 & n.4, or whether and under what circumstances the prior federal action should equitably toll the statute after the petitioner returns to federal court, *e.g, Hall v. Scott,* 292 F.3d 1264, 1268 (10th Cir. 2002).

*Doc. 8* at 6-7. In light of the unsettled state of the law, I also asked Respondents to supplement their answer to address the propriety of a stay if Petitioner elected to exhaust. *Id.* at 7.

Petitioner did not respond to my order within the time allotted, so I issued an order to show cause. *See Doc. 9.* In response, Gonzales sent a letter requesting appointment of counsel. I granted that request because "this case presents some novel and complicated issues, such as statute of limitation consequences if exhaustion is elected and whether *Apprendi v. New Jersey,* 530 U.S. 466 (2000) applies when juveniles are sentenced as adults." *Doc. 10* at 2.

Thereafter the Federal Public Defender ("FPD") entered its appearance on behalf of Petitioner. The FPD notified the Court that Gonzales chose to further exhaust and requested that these federal proceedings be stayed pending further exhaustion. Respondents "elected not to file a written response," but did inform my chambers that they took the position that a stay was

inappropriate. *Doc. 16.* Following a review of the cited authorities, I found that a stay was appropriate under the circumstances of this case.

### B. *No Opportunity Given To Amend The Initial Counseled State Habeas Petition*

In state post-conviction proceedings, New Mexico Public Defender Sophie Cooper represented Petitioner. She asked that the state court vacate Petitioner's adult sentence and sentence him as a juvenile or, in the alterative, to vacate the sentence and set the matter for a new amenability hearing. *Doc. 45,* Exh. EE at 16.[2]

Ms. Cooper also asked the court for additional time to allow her to investigate and frame the claims for relief. *See id.* at 9-10, 16. She expressly stated:

> To succeed on a claim of ineffective assistance of counsel, Petitioner must demonstrate that his attorney's representation fell below the standard of a reasonably competent attorney, and that the deficient performance prejudiced the defense. . . . Because this is a complicated case and because Colin was represented by about five attorneys at different times in the district court, it has been hard to gather all the information necessary to fully prepare this habeas. Also, the district court has at this time misplaced a critical hearing tape – that of the October 23, 1998 plea hearing during which the parties apparently stipulated that Colin was competent to stand trial.
>
> Ordinarily, pursuant to Rule 5-802, the inmate files his own *pro se* petition. Then, if the court thinks it has possible merit, the court will appoint counsel to represent the inmate. Habeas counsel then gets an initial period of thirty (30) days in which to amend the petition. (Typically, habeas counsel obtains extensions because evaluating a serious case while simultaneously working a huge caseload takes significantly more than thirty days.) However, in

---

[2] Respondents' Answer to the Second Amended (Federal) Habeas Petition contains the most comprehensive collection of state court documents. *Doc. 45.* For ease of reference, I cite to the exhibits attached to Document 45, even though the same document may be found elsewhere in the portions of the state records proper also filed here. If a document is not an exhibit to Document 45, the citation will reflect where the document is located.

> this case, due to Colin Gonzales' youth and well-documented mental health issues as well as the pendency of a federal habeas, Assistant Public Defender Sophie Cooper obtained an order of appointment to write the initial habeas petition.
>
> Habeas counsel needs more time and more information to flesh out the issues raised in this initial petition. For example, as to section C. below, habeas counsel needs to obtain a copy of Susan Cave's competency evaluation and needs to determine exactly when it was given to the state and the court. Despite numerous requests to some of Colin's former attorneys and court staff, habeas counsel still does not have this evaluation. ***The press of federal deadlines forces counsel to file this petition before completely investigating the circumstances of this case.***
>
> Habeas counsel asks this Court to treat this habeas petition as it would an initial *pro se* filing and to issue its order giving habeas counsel nintey [sic] (90) days to amend this petition. (Rule 5-802 sets out a thirty day period to amend but based on the complexity of this case and the difficulty in obtaining relevant materials, counsel asks for ninety days). ***During that time, habeas counsel will try to gather all relevant information (all the trial attorneys['] files, the original police reports, all the evaluations, and interviews with prior attorneys, expert witnesses, and other witnesses) and will hire additional experts as needed to explore the issues raised below. When the evidence is gathered, then habeas counsel will write an amended petition.***

*Id.* at 9-10 (emphasis added).

Nevertheless, Ms. Cooper did submit two claims in the initial filing: (1) the state court lacked jurisdiction to impose an adult sentence; and (2) ineffective assistance of counsel by (a) waiving the confidentiality of the competency evaluation, (b) failing to obtain neuro-psychological testing, and (c) failing to argue that Petitioner's rape while in custody constituted a "state-created injury" that caused a violation of due process. *See id.* at 10-16.

After reviewing the file, the trial judge summarily denied relief stating that he was "satisfied that the movant is not entitled to relief as a matter of law." *Exh. FF*. He said nothing

about Ms. Cooper's request for an extension or to file an amended petition.  Nor did the judge say anything about denying the claims for any procedural reason.

Ms. Cooper petitioned the New Mexico Supreme Court for certiorari, in part asking that it remand and grant her the extension she previously requested.  *See Exh. GG* at 3-4, 6, 11.  The State responded that the trial judge did not abuse his discretion in summarily denying habeas relief because the petition failed to allege sufficient "facts" in support of the ineffectiveness claim.  *See Doc. HH* at 21.  The Supreme Court denied certiorari without explanation on July 14, 2003.  *Exh. II.*

### C. *The Pro Se State Habeas Proceedings Requesting an Evidentiary Hearing*

Proceeding *pro se,* Petitioner immediately filed a second petition to raise additional claims with the state court.  *See Exh. JJ.*  Following boilerplate language on the preprinted state petition that he also was seeking an "evidentiary hearing[,] release[, and] better counsel." Gonzales further stated:

> Ground one:  **i** Request for evidentiary hearing.  First – denial of due process and invalid plea – when I pled at age 15, I did not understand my rights and the likely consequences of my plea.  I did not know whether I would be sentenced as a juvenile or adult or what difference it would make, this violated my rights under the state and US constitutions.
>
> Ground two:  Ineffective assistance of counsel A) although the court told my lawyers that he wanted to go get a thorough psychological evaluation of me, my records and reports and that he had no confidence in evaluations performed by YDDC, my lawyers arranged to have evals performed at YDDC.
>
> Ground three:  B) My lawyers failed to challenge the unfounded allegations of prior crimes supplied by Ray Garley and Mr. Garleys qualifications to determine whether I was amenable to treatment or eligible for commitment. C) My lawyers failed to point out to the

> court that its conclusion that I should be sentence as adult was
> based on errors concerning Ms. Grano testimony she did not testify
> as court states she had that I was likely to do another crime.  Not
> [sic] evidentiary hearing – needed to bring up points not raised.
> Rape was used in negative light for sentencing – the testimony did
> not indicate that this would affect further criminal acts – Judge did
> use this point to sentence – this can be proved this violated my
> rights under state and US constitution.  [And in margin,] Ground
> three was raised in my prior state habeas petition intended to raise
> the other issue there.  My lawyer filed a motion to amend to include
> there, but both the motion and the petition were denied.

*Id.* at 4.  The district judge also summarily denied this petition, again on the ground that "movant is not entitled to relief as a matter of law."  *Exh. KK*.  Once again, the judge did not deny the second state petition on any procedural grounds.

In his timely *pro se* petition for certiorari to the New Mexico Supreme Court, Gonzalez asserted that the "court was wrong in deciding that I was not entitle[d] to relief and in denying me a hearing and the opportunity to brief the issues in my petition in order to show that my federal and state constitutional rights were violated."  *Exh. LL* at 1-2.  The New Mexico Supreme Court denied certiorari on September 2, 2003.  Exh. MM.

### D.  *Amended Federal Petition*

Meanwhile, Respondents filed a motion to lift the federal stay based on the New Mexico Supreme Court's July denial of certiorari from the counseled petition.  *Doc. 17*.  Gonzales opposed lifting the stay at that time because his *pro se* state habeas petition was pending. *Doc. 20*.  By the time the matter ripened for my review, the *pro se* state proceedings had concluded.  Accordingly, I lifted the stay.  *See Docs. 21, 22*.  At that time, I observed

> that Petitioner intends to file a motion to amend his federal petition,
> and that Respondents will oppose that for various reasons.  I do not
> address those issues here.  I also will not impose a briefing schedule

>at this time, in anticipation of receipt of Petitioner's motion to amend.

*Doc. 22.* Ultimately, however, Respondents did not oppose the amended petition. *See Doc. 24.* Respondents concede that the amended petition, filed September 10, 2003, was filed before the one-year limitations period expired. *See Doc. 44* at 20.

### E.  Second Amended Habeas Petition

The amended and second amended federal petitions raise five claims and are identical save for one respect.  As an alternative basis for arguing that the plea was involuntary Gonzales now contends that the plea was "coerced" because his trial attorney promised Petitioner that by pleading he would be released from custody and could return home.  This argument was first raised in these proceedings in the Petitioner's affidavit and memorandum in support of his request for an evidentiary hearing.  At a status conference on May 3, 2004, I noted the newly-raised claim and granted Petitioner leave to amend, if he so desired.  He did so on May 15, 2004.  *See Doc. 32, Exh. C* at 2; *Doc. 41* at 2; *Doc. 42* at 5.

## II.  Motion To Dismiss

### A.  Exhaustion & Procedural Default

Two of the federal claims – applicability of *Apprendi* to the decision to sentence him as an adult and the sufficiency of the evidence regarding his amenability to treatment/rehabilitation – were raised on direct appeal and in the initial *pro se* federal petition. *See, e.g., Doc. 42* at 3-4; *Doc. 26* at 3-4; *Doc. 1* at 6-7; *State v. Gonzales,* 130 N.M. 341, 24 P.3d 776 (Ct. App. 2001). Respondents argue, however, that other claims were not fully exhausted and consequently are now procedurally-defaulted.  As discussed below, I agree that the "due process" claim was not

exhausted as an independent claim, but it can go forward here if recharacterized as an ineffectiveness issue. However, I find that "counsel's promise" of release as a specific ground for finding the guilty plea involuntary is both unexhausted and procedurally defaulted. All of the remaining claims are neither unexhausted nor procedurally-defaulted.

### 1. Cooper's "Due Process" Claim

Trial counsel did not argue that using Gonzales' post-traumatic stress disorder as a justification for sentencing him as an adult violated due process because the mental condition resulted from a rape that was due to the State's negligence. Ms. Cooper contended that failure to raise this argument constituted ineffective trial counsel and prejudiced Petitioner in the amenability proceedings. *See Doc. EE* at 15-16; *Exh. GG* at 10-11.

Here, Petitioner seeks to assert this issue as an independent due process claim citing to Petitioner's *pro se* state petition. I agree with Respondents, however, that when viewed in context, Petitioner did not raise an independent due process claim but merely asserted Ms. Cooper's position that failure to make the argument violated the constitutional guarantee of effective counsel. *See JJ* at 4. Therefore, I will entertain the claim but only in the context of ineffective assistance of counsel.

### 2. State Courts Did Not Enforce Any Potential Procedural Default & Had The Opportunity To Address The Federal Claims Raised In The *Pro Se* Petition

Aside from the neurological evaluation issue discussed in footnote one of this opinion, the remaining four instances of ineffective assistance of counsel pursued here were collectively raised in the *pro se* state habeas petition and perhaps alluded to in the counseled petition. That is, counsel is alleged to be ineffective: (1) for arranging the evaluation at YDDC, *see Exh. JJ* at 4;

8

(2) by failing to challenge alleged prior crimes taken from Grano's report, *c.f., Exh. EE* at 13-1 & *Exh. JJ* at 4; (3) by failing to challenge Garley's qualifications, *see Exh. JJ* at 4; and (4) by failing to move for reconsideration of the decision to sentence Petitioner as an adult based on the judge's misunderstanding of Grano's testimony, *see id.* The involuntary plea issue was also raised in the *pro se* petition, the extent to which is discussed in the next section. *See id.*

Respondents challenge the claims that Petitioner raised in his *pro se* petition as both unexhausted and procedurally defaulted. A federal habeas court cannot entertain issues that were defaulted in state court based on an "independent and adequate" procedural ground, unless the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. *E.g,. Dretke v. Haley,* ___ U.S. ___, ___, 124 S. Ct. 1847, 1849 (2004). Under New Mexico rules of law, issues not raised in a first state petition generally are deemed waived and will not be entertained if raised in a second state petition. That rule is deemed "adequate" for federal procedural default purposes. *E.g., Jackson v. Shanks,* 143 F.3d 1313, 1318 (10th Cir.), *cert. denied,* 525 U.S. 950 (1998); *State v. Gillihan,* 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974). *Harris v. Williams,* 5 Fed. Appx. 831 (10th Cir. 2001). For a state procedural rule to constitute an "independent" ground for federal habeas purposes, however, the state courts must enforce the default. A federal habeas court cannot decline to address a claim if the state court did not "clearly and expressly" base its decision on the procedural bar. *E.g., Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In Gonzales' case, the trial judge did not invoke that default as a bar when denying the *pro se* petition. His scant analysis provided in full: "having examined the Petition . . . and all attachments thereto and being satisfied that because of all prior proceedings in the Colin Gonzales case, the movant is not entitled to relief as a matter of law." *Exh. KK.* I disagree with

9

Respondents that the trial judge's reference to "all prior proceedings" should be construed as invoking the procedural default. Such a construction requires me to make an entirely unwarranted inference from the plain language of the order. Moreover, even if I construed the phrase that way, I would then have to conclude that the trial judge summarily invoked a procedural default and denied the petition on the merits. Either way I construe the order – no procedural default invoked or a finding of procedural default and a merits summary disposition – the state decision is insufficient to qualify as the requisite "independent" state ground for procedural default.[3]

Respondents also argue that Petitioner failed to fully exhaust his newly raised claims because he did not specifically include them in his petition for certiorari to the New Mexico Supreme Court. They contend that it is not sufficient as a matter of state law to "incorporat[e] by reference the claims raised in the habeas corpus petition." *Doc. 44* at 12. However, the state rule appears to condone that procedure when, as here, the petition is from a district court denial of habeas corpus. *See Rule 12-501(C)* ("The petition [for certiorari], not exceeding ten pages, shall have attached a copy of the petition for writ of habeas corpus and attachments filed in the district court").

---

[3] *See also e.g., English v. Cody,* 146 F.3d 1257, 1259 (10th Cir. 1998) ("A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."); *Jackson,* 143 F.3d at 1319 ("Although the state argues that Mr. Jackson's claim of ineffective assistance is nevertheless barred because he failed to raise the issue in his first state habeas petition . . . the state court's denial of his second state habeas petition was not based on that procedural ground. We are not inclined to rely on a state procedural rule that the New Mexico courts did not rely upon."); *Vernon v. Williams,* 2000 WL 286157 (10th Cir.) (conclusory state ruling that could have been construed as on procedural ground and alternatively on merits found not "independent"), *cert. denied,* 531 U.S. 1039 (2000); *compare Lopez v. Williams,* 59 Fed. Appx. 307 (10th Cir. 2003) ("Here, the state court summarily rejected Lopez's federal claim because he failed to satisfy an independent state predicate – he did not preserve the issue at trial. The state court's preservation requirement, a non-merits predicate to its rejection of Lopez's federal claim, is plainly an independent state ground that implicates procedural-bar principles on federal habeas.").

Thus, on certiorari the New Mexico Supreme Court evaluates the same claims raised in the habeas petition filed in the district court, and the New Mexico rule is designed to appraise the court of the claims raised below by attachment of the petition filed in the district court. I cannot tell from the record whether Petitioner attached his *pro se* and/or counseled habeas petitions to his request for certiorari. If he did not, the New Mexico Supreme Court's order did not cite that failure as the basis to deny certiorari. *See Exh. MM*. If the Court does not invoke that rule to disallow the filing, then I must conclude that the Court was permitting Petitioner to exhaust his claims but disinterested in entertaining the merits of the claim.

Indeed, the state's form petition is specifically designed so that *pro se* litigants in fact raise the federal claims. *E.g., Doc. 44* at 8-9, 22. The boilerplate language in that form, which Petitioner used and checked, itself supplies the federal nature of the claims and asks only that the petitioner set forth the factual basis for his claims. *See Doc. JJ* at 2 ("This petition seeks to vacate . . . order of confinement pursuant to . . . the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment to the United States Constitution . . . . State concisely every ground on which you claim you are being held in violation of the constitutional laws of both New Mexico and the United States."). Furthermore, the supporting facts section specifically reiterates that Gonzales alleged denial of due process due to an involuntary plea and that his attorneys were ineffective in violation of both constitutions. *Exh. JJ* at 4.

Under these circumstances, I find that Petitioner "fairly presented"[4] his federal claims in

---

[4] *See, e.g., Baldwin v. Reese,* ___ U.S. ___, ___, 124 S. Ct. 1347, 1349, 1350 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. . . . The petition refers to provisions of the Federal Constitution in respect to other claims but not in respect to this one. The petition provides no citation of any case that might have alerted the court to the alleged federal nature of the claim. And the petition does

the state courts for their consideration. I find that he gave the state courts the opportunity to pass on the merits of those claims first, thereby satisfying the reason for requiring exhaustion.[5]

### 3. Second Basis For Involuntary Plea Is Unexhausted And Procedurally-Defaulted

As set forth in the Second Amended Petition, the involuntary plea claim is as follows:

> Colin's plea was not knowing, voluntary, and intelligent because he did not understand the complex implications of his decision to enter a plea. ***Further, his plea was induced by the promise that Colin could go home from Sequoya Adolescent Treatment Center,***

---

not even contain a factual description supporting the claim."); *Netherland v. Gray,* 518 U.S. 152, 163 (1996) ("we rejected the contention that the petitioner satisfied the exhaustion requirement . . . by presenting the state courts only with the facts necessary to state a claim for relief. . . . We have also indicated that it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court.).

[5] State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. . . . This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999) (citations omitted). Similarly,

> The procedural default doctrine and its attendant "cause and prejudice" standard are "grounded in concerns of comity and federalism," . . . and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack . . . . "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." . . . We therefore require a prisoner to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim. . . . The one exception to that rule . . . is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice.

*Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citations omitted).

> *where he had been raped, if he entered a plea, but not otherwise. Colin was also promised that if he pled, his counsel would do his best to delay the proceedings to enable Colin to stay home as long as possible. On the day the plea was entered, October 23, 1998, the court set conditions of release allowing Colin to return home; he remained there until June[.]*
>
> Colin was fourteen years old at the time of his crime. Treatment and evaluation records submitted to the court, as well as expert testimony, showed that Colin was an extremely immature fifteen-year-old at the time of his plea. He was a middle school student who suffered from painful physical problems, Attention Deficit Hyperactivity Disorder, depression, and other mental disorders, and learning disabilities. He required multiple daily doses of a number of medications in order to function. Colin had no prior experience with the criminal justice system.
>
> Colin's due process rights were violated by procedures which forced him to make his decision with respect to entry of a plea without reasonably necessary information concerning the relevant circumstances and the likely consequences of a plea or a conviction at trial. Colin did not know at the time of his plea whether he would be sentenced as a child or an adult. He did not understand the nature of important rights he was waiving by entering his plea.

*Doc. 42* at 5-6. With the exception of the highlighted language, this claim is identical to that set forth in the amended federal petition. *See Doc. 26* at 5-6.

Respondents break down Petitioner's involuntariness claim into seven components. They assert that only the first three of them were raised in the state proceedings by way of his *pro se* state petition – that Petitioner: (1) was an immature fifteen year old, (2) did not know whether he would be sentenced as an adult or juvenile, and (3) did not understand the nature of the rights he was waiving. *See Doc. 44* at 11; *see also Exh. JJ* at 4. Respondents maintain that the other bases for finding the plea involuntary were never raised in the state courts. These other bases include that Petitioner: (4) did not understand the complex implications of his decision, (5) was induced

to plead guilty by counsel's promises, (6) suffered from mental and learning disorders and was medicated, and (7) had no experience with the criminal justice system.

When determining whether these grounds were fairly raised in the state courts, I feel that they must be examined in light of the general principles for what constitutes a valid plea.

> When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees. . . .  Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is "voluntary" and that the defendant must make related waivers [that are] "knowing, intelligent, [and] with sufficient awareness of the relevant circumstances and likely consequences."

*United States v. Ruiz,* 536 U.S. 622, 628-29 (2002).  I believe that Respondents cut too fine a distinction when distinguishing the circumstances Petitioner cites in support of his arguments.

First, Petitioner's characterization of the claim in the *pro se* state petition plainly details factors specific to himself concerning his own ability to understand.  Therefore, points 4, 6, and 7 do not put that claim in a "significantly different" light, particularly where his competency and mental state was critical to the amenability hearing at the trial level in the first instance.  *E.g., Hawkins v. Mullin,* 291 F.3d 658, 670 (10th Cir. 2002) ("While a habeas petitioner might still be able to present to a federal habeas court 'bits of evidence' not previously presented in state court, he cannot first present evidence in a federal habeas proceeding that 'places the claims in a significantly different legal posture' without first presenting that evidence in state court.") (citations omitted), *cert. denied,* 537 U.S. 1173 (2003).

However, nowhere in any state proceeding was the fifth basis argued for finding the plea involuntary – that counsel promised Petitioner he could go home if he pleaded.  That assertion does put the claim in a "significantly different light" in my view, because it is asserts that attorney

14

coercion vitiated the voluntariness of the plea. *E.g., United States v. Carr,* 80 F.3d 413, 417 (10th Cir. 1996); *Miles v. Dorsey,* 61 F.3d 1459, 1470 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062 (1996).

Respondents also argue that the "attorney coercion" aspect of the claim is untimely because it was filed outside of the limitations period.  I need not reach that issue, however, because the claim is both unexhausted and procedurally-defaulted.  Petitioner has come forth with no justification for finding cause or prejudice for this procedural default, and no basis for finding a fundamental miscarriage of justice if the procedural bar is applied.  *See Doc. 46.*  Accordingly, I find the "attorney coercion" aspect of the claim should be dismissed with prejudice.

### III.  Motion For Evidentiary Hearing

Under 18 U.S.C. § 2254(e)(2), "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court ***shall not*** hold an evidentiary hearing on the claim" unless one of two exceptions are met – Defendant must show that the claim relies on either "(i) a new rule of constitutional law, made retroactive to cases on collateral review; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A).  Petitioner relies on the second exception.

Gonzales contends that because he and Ms. Cooper were denied their requests for an evidentiary hearing in the state proceedings, Petitioner is now entitled to such a hearing.  Indeed, the pre-AEDPA cases cited by Petitioner hold that a request for an evidentiary hearing demonstrates a diligent attempt to develop a factual record.  *See Doc. 31* (citing *Williams v. Taylor*, 529 U.S. 420 (2000) and *Miller v. Champion*, 161 f.3d 1249, 1253 (10th Cir. 1998).

Since the enactment of AEDPA, however, this is no longer the law.  More recent

decisions indicate that merely having requested an evidentiary hearing is not dispositive on due diligence in developing the factual record.  Therefore, I must determine whether Petitioner was "diligent" in his effort to develop the evidence before the state courts or whether it was his "fault" that the evidence was not before the state court when it made its decision.  *See, e.g., Holland v. Jackson,* ___ U.S. ___, ___, 124 S. Ct. 2736, 2738 (2004); *Cannon v. Mullin,* ___ F.3d ___, 2004 WL 2030295 at **19-21 (10th Cir. 9/13/04).

      I find that any failure to develop the factual basis of Petitioner's claims before the state court was not due to "'a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'"  *Id.* at 20 (quoting *Williams v. Taylor,* 529 U.S. 420, 432 (2000)).  Because of the unique circumstances of this case, the diligence inquiry should begin with the counseled petition.  I lifted stayed the federal proceedings on January 7, 2003.  *See Doc. 16.*  Ms. Cooper filed the state habeas petition on February 28, 2003, explaining that she did so before she had a chance to fully investigate because of the looming federal statute of limitations.  *Exh. EE,* at 10.  Indeed, the transcript of the guilty plea hearing that was missing when Ms. Cooper filed the state habeas petition was not filed with ***this*** Court until January 9, 2004, months after the state proceedings concluded.  *See docket entry* (1/9/04).  Cooper also cited difficulty in obtaining information from Gonzales' counsel.  *See Exh. EE* at 10.  In fact, the Federal Public Defender has had the same problem here, again long after the state proceedings concluded.  Those difficulties resulted in my granting an order for a subpoena duces tecum and in counsel requesting a potential order of contempt when counsel did not comply with the subpoena.  *See Docs. 34, 37.*

      In my view, the issue here is not one of lack of diligence on the part of Petitioner or Cooper.  Rather, the state court ignored Cooper's request for more time to investigate and

present claims to it for review.  The order summarily denying habeas relief on the merits of the few claims presented by Ms. Cooper gave no reason, procedural or otherwise, for denying the request for an extension.  Moreover, I cannot discern any reason for a finding that her asserted need for more time was unfounded.

Respondents take the position that a federal habeas court must deny a federal evidentiary hearing if petitioner would not have been entitled to one under state law.  However, because Cooper was not given an opportunity to develop the claims in the post-conviction proceedings, it is pure speculation whether the state trial court would have afforded or denied an evidentiary hearing had it been presented with a fully-briefed petition.  Furthermore, I have not found any ***binding*** authority that so holds.  Indeed, the Eighth Circuit decision Respondents cite is consistent with the above Tenth Circuit's decision and the focus on the question of diligence.  *See Doc. 38* at 17-18; *Doc. 40* at 3-4.  Decisions cited by Respondents in support of this proposition are factually distinguishable.

Accordingly, I find that Petitioner did not "fail to develop the factual basis" of his claims in state court within the meaning of § 2254(e)(2), then "§ 2254(e)(2) is not applicable and a federal habeas court should proceed to analyze whether a[n evidentiary] hearing is appropriate or required under pre-AEDPA standards."  *Cannon,* 2004 WL 2030295 at *20 (internal quotation and citation omitted).  In other words, I must determine whether "his allegations, if true ***and not contravened by the existing factual record,*** would entitle him to habeas relief."  *Bryan v. Mullin,* 335 F.3d 1207, 1214 (10th Cir. 2003) (*en banc*), *cert. denied,* 124 S. Ct. 1877 (2004).

None of the state court decisions in this case reflect that any factual determinations concerning ineffectiveness and prejudice were made.  The Tenth Circuit's decision in *Bryan*

17

indicates that an evidentiary hearing should be held.  *Bryan* cites an earlier Tenth Circuit case for the proposition that pre-AEDPA Supreme Court cases "require 'an evidentiary hearing when the facts were not adequately developed in the state court, so long as that failure is not attributable to the petitioner.'"  *Bryan,* 335 F.3d at 1215 (quoting *Medina v. Barnes,* 71 F.3d 363, 369-70 (10th Cir. 1995)).

Although I have the state tapes and record proper, the parties have not yet fully briefed the issues arguing the merits of the claims under the appropriate AEDPA standards of review.  In the present context of the motion for the evidentiary hearing, the discussion of the merits of the claims focuses primarily on the ineffectiveness issues and the stricken basis for involuntariness.  *See Docs. 31, 38, 40.*  Furthermore, the Federal Public Defender has only recently secured discovery on the ineffectiveness issues, and that evidence has not yet been made part of the record.  Finally, as we discussed at the earlier status conference, if Petitioner prevails on the involuntariness issue, then the need to decide the other issues could be obviated.  In short, the matter before me is not yet in a posture where I can evaluate the claims "in light of the existing factual record," and I am going to begin with consideration of the involuntariness issue.  *Bryan,* 335 F.3d at 1214; *see also Doc. 41* at 1-2 (under Habeas Rule 8, decision whether to grant evidentiary hearing made after review of expanded record).

Therefore, although I find that Petitioner is not precluded from seeking an evidentiary hearing under § 2254(e), the request to set one is still premature.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's motion for an order to show cause *(Doc. 37)* be DENIED AS MOOT;

2. Respondents' motion to dismiss *(Doc. 43)* be DENIED IN PART AND GRANTED IN PART;

3. Petitioner's "due process" claim be RECAST as an ineffectiveness claim;

4. Petitioner's "counsel promise" aspect of the involuntariness claim be DISMISSED WITH PREJUDICE as unexhausted and procedurally-defaulted; and

5. Petitioner's motion for an evidentiary *(Doc. 30)* be DENIED AT THIS TIME WITHOUT PREJUDICE as premature.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE